**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| PATRICK CHRISTIAN,                   ) | |
| ) | Civil Action No. 24-cv-02696 (APM) |
| Plaintiff,            ) | Consolidated with No. 24-cv-02386 (APM) |
| ) | |
| v.                               ) | |
| ) | |
| WASHINGTON DISTRICT            ) | |
| OF COLUMBIA,                     ) | |
| ) | |
| Defendant.            ) | |
| _____ ) | |

## MEMORANDUM OPINION

This matter is before the court on Defendant the District of Columbia's Motion to Dismiss ("MTD"), and supporting Memorandum ("MTD Mem."), collectively ECF No. 9.  For the reasons stated below, the court grants the District's Motion and dismisses this matter in full.

## BACKGROUND

Patrick Christian, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this matter on September 23, 2024.  *See generally* Complaint ("Compl."), ECF No. 1.  The Complaint is not a model of clarity.  As best understood, Christian alleges that, on August 14, 2024, he received a barring order prohibiting him from entry at all D.C. Public Library ("DCPL") locations for one year. *See id.* at 5; MTD Ex. 1 (Barring Order, Aug. 14, 2024) ("Barring Ord."), ECF No. 9-1.  He contends that this ban was instituted when, while visiting Woodridge Library, he spoke out "against children being raped in the public library[.]"  Compl. at 5; Pl.'s Opp'n to MTD ("Opp'n"), ECF No. 11, at 1.  As a result, Christian's "computer usage" in the District's "resources centers" has been reduced, and worse yet, his privacy has allegedly been infringed because he has been "hacked and interfered with," threatened, stalked, and "cyberstalked."  Compl. at 4–5.  Because

Christian has been unable to check his email, he has been prevented from running as a write-in candidate for the 2024 U.S. presidential election, and also has struggled to secure housing and employment. *See id.* at 4–5, 7. He contends that the District and its officials conspired to render him "incommunicado," in violation of 42 U.S.C. § 1983(3), and have contravened their public duties, in violation of his right of the "pursuit of happiness," the "double jeopardy" clause, the Ninth Amendment, and the Fourteenth Amendment. *See id*. at 4–5. He demands $1,150,000 in damages. *See id*. at 5.

In response to the Complaint, on April 4, 2025, the District filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* MTD Mem. at 2. On April 7, 2025, the Court issued an Order, ECF No. 10, directing Christian to respond to the Motion to Dismiss by May 7, 2025, and advising him of the risks of failing to comply, *see id.* at 1 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)). On April 16, 2025, Christian filed an Opposition, and on April 23, 2025, the District filed its Reply, ECF No. 13.

Then, on April 29, 2025, Christian filed a Surreply ("SR"), ECF No. 14, without first seeking the Court's leave to do so. Neither the court's Local Rules nor the Federal Rules of Civil Procedure provide the right to file a surreply; indeed, surreplies "are rarely permitted, and only when a party is 'unable to contest matters presented to the court for the first time in the last scheduled pleading." *Stevens v. Sodexo, Inc*., 846 F. Supp. 2d 119, 130 (D.D.C. 2012) (quoting *Ben–Kotel v. Howard Univ*., 319 F.3d 532, 536 (D.C. Cir. 2003)) (internal quotation marks omitted). However, given Christian's *pro se* status, the Court grants him leave to file the Surreply, and it has considered the submission. *See Brown v Whole Foods Market Group, Inc*., 789 F.3d 146, 15152 (D.C. Cir. 2015) (per curiam) ("a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss").

2

**LEGAL STANDARD**

**Failure to State a Claim**

A plaintiff need only provide a short and plain statement of his claim showing that he is entitled to relief, Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (citation omitted), *cert. denied*, 568 U.S. 1088 (2013); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (same). However, "the [C]ourt need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Id.* Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. Dist. of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79).

In ruling upon a motion to dismiss for failure to state a claim, a court may consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

**<u>Frivolous Claims</u>**

A claim that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a court shall dismiss such claim "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) (per curiam). The Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *see* 28 U.S.C. § 1915(e)(2)(B)(i) (mandating dismissal of frivolous claims brought by IFP plaintiffs).

**<u>DISCUSSION</u>**

The District argues that Christian "fails to state a plausible claim for relief under any of his claims." MTD Mem. at 1. The court agrees, addressing the claims below *seriatim*.

**<u>Threats, Hacking, Cyber Stalking, and Stalking Claims</u>**

The District argues that Christian's vague assertions that he suffered infringement of his right to privacy due to threats, hacking, stalking, and cyberstalking do not sufficiently state a claim, *see* MTD Mem. at 6. Upon review of the allegations, the court finds that, not only does Christian fall short of stating a claim, but the allegations presented are patently frivolous, *see Lewis v. Bayh*, 577 F. Supp. 2d 47, 54–55 (D.D.C. 2008) ("Courts have held that claims alleging, without any

evidence, that the defendants hacked a plaintiff's computer and tapped a plaintiff's phone are frivolous.") (collecting cases).

The court finds no merit in Christian's dubious allegations that unnamed bad actors associated with the District have somehow infiltrated his private affairs, electronically or otherwise. *See, e.g.*, *Montgomery v. Comey*, 300 F. Supp. 3d 158, 168–69 (D.D.C. 2018) (dismissing claims as frivolous where the plaintiffs alleged that government officials hacked their cell phones and computers), *aff'd*, 752 Fed. Appx. 3 (D.C. Cir. 2019) (per curiam); *Juste v. Resident Agency Martinsburg*, 153 F. Supp. 3d 242, 244–45 (D.D.C. 2016) (dismissing claims against the District and its officials as frivolous where the plaintiff alleged that the defendants stalked him and maliciously prosecuted him); *Jordan v. Quander*, 882 F. Supp. 2d 88, 97–98 (D.D.C. 2012) (dismissing claims as frivolous due to the plaintiff's "vague and unsupported allegations of harassment, threats, assaults and government surveillance") (collecting cases); *Roum v. Fenty*, 697 F. Supp. 2d 39, 42–43 (D.D.C. 2010) (dismissing claims as frivolous based on a purported government conspiracy where the defendants allegedly tapped the plaintiff's phones, monitored conversations, tracked him, and surveilled him); *Newby v. Obama*, 681 F. Supp. 2d 53, 55–56 (D.D.C. 2010) (dismissing claims of government surveillance and stalking as frivolous). Accordingly, these claims are dismissed as frivolous.

### Section 1985(3) Claims

Section 1985(3) affords a cause of action against two or more persons who participate in a conspiracy motivated by class-based discriminatory animus. *Atherton*, 567 F.3d at 688. The D.C. Circuit has further explained that,

> [t]o state a claim under § 1985(3), [a plaintiff must] allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, . . . and (3) an act in furtherance of the conspiracy;

> (4) whereby a person is either injured in her [or his] person or property or deprived of any right or privilege of a citizen of the United States. The statute does not apply to all conspiratorial tortious interferences with the rights of others, but only those motivated by some class-based, invidiously discriminatory animus.

*Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 96–102 (1971); *Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987) (other citation and internal quotation marks omitted)).  So, for a plaintiff to state a §1985 claim, he must *first* allege the elements of civil conspiracy, including: 'an agreement to take part in an unlawful action or a lawful action in an unlawful manner.'" *Barr v. Clinton*, 370 F.3d 1196, 1200 (D.C. Cir. 2004) (quoting *Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002)). "A civil conspiracy is defined as an agreement between two or more people to participate in an unlawful act or a lawful act in an unlawful manner." *Hobson v. Wilson*, 737 F.2d 1, 51 (D.C. Cir. 1984) (per curiam), *rev'd in part on other grounds*, *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524 (D.C. Cir. 2015).

Christian fails at the outset.  In his briefing, he repeats iterations of the words "conspiracy" and "conspirators," *see* Opp'n at 2; SR at 1, but merely saying those words does not make it so. *See Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) ("A plaintiff must set forth more than just conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss.").  Christian does not set forth any indicia of collusion, for example, an agreement sufficient to trigger conspiratorial liability, or any "events, conversations, or documents indicating that there was ever an agreement or meeting of the minds" between the District and another party. Indeed, Christian does not identify the parties with whom the District purportedly conspired. *See Barber v. Dist. of Columbia Gov't*, 394 F. Supp. 3d 49, 65–66 (D.D.C. 2019).  His puzzling allegations that "[e]verywhere he goes everyone cooperates or conspires, due to the Principals, they are either a Politician or an Entertainer[,]" and that he "has been experiencing this Civil

6

Rights Conspiracy for 17 years now," *see* SR at 1, fail to "raise a reasonable expectation that discovery will reveal evidence of [an] illegal agreement[,]" and, at best, are insufficient "bare assertions," *see Twombly*, 550 U.S. at 545, 556.

Assuming Christian were successful in pleading the first element of a § 1985(3) claim, he does not satisfy the second element either—he does not adequately allege that the conspiracy, if any, was motivated by some class-based, invidiously discriminatory animus. In his briefing, Christian briefly insinuates that he was discriminated against "for being a heterosexual in a predominantly homosexual or as they say 'acronym' City[.]" *See* SR at 2; Opp'n at 1. But these allegations are so ambiguous that they fail to "set forth even conclusory assertions that would support a finding of class-based animus." *See Mittleman v. U.S. Treasury*, 773 F. Supp. 442, 449 (D.D.C. 1991) (dismissing § 1985(3) claim because the plaintiff's "bare allegation toward the end of her complaint that she was a victim of gender bias clearly [was] not enough to survive a motion to dismiss").

For all of these reasons, Christian has failed to state a § 1985(3) claim and those claims are dismissed.

### *Monell* Claims

Under 42 U.S.C. § 1983, a private cause of action may exist against a municipality or individual that, under color of state law, deprives an individual of a federal constitutional or statutory right. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691–94 (1978); *Warren v. Dist. of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004). A municipality may be held liable under § 1983 only "where the municipality itself causes the constitutional violation at issue," because municipalities cannot be held responsible for the acts of its employees via

respondeat superior liability.  *See Monell*, 436 U.S. at 694–95; *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (same).

To state a claim for municipal liability under § 1983, a plaintiff must allege (1) a predicate constitutional violation, and (2) that a custom or policy of the municipality caused that violation. *See Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003).

### A.  First Prong, Predicate Constitutional Violation

#### 1.  *Pursuit of Happiness*

First, Christian alleges that the District violated his right to pursue happiness.  *See* Compl. at 4.  The concept of the "pursuit of happiness" is "derived from the Declaration of Independence[,]" which "does not grant rights that may be pursued through the judicial system." *Morris v. Off. of Person. Mgmt.*, No. 20-0016, 2021 WL 2188143, at *2 (D.D.C. May 28, 2021) (citing cases).  Accordingly, Christian's pursuit of happiness cannot be raised as a predicate constitutional violation.

#### 2.  Ninth Amendment

Second, Christian alleges that the District violated the Ninth Amendment.  *See* Compl. at 4. The Ninth Amendment establishes that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX. But this claim is facially invalid because the Ninth Amendment "is a rule of construction, not a substantive basis for a civil rights claim." *Rynn v. Jaffe*, 457 F. Supp. 2d 22, 26 (D.D.C. 2006) (explaining that a plaintiff cannot "cite the Ninth Amendment of the U.S. Constitution to support a § 1983 action"); *see also McDonald v. City of Chicago*, 561 U.S. 742, 851 n.20 (Thomas, J., concurring) (stating that the Ninth Amendment is an "obvious example" of a constitutional provision that "are not readily construed as protecting rights that belong to individuals");

*Marshall v. Reno*, 915 F. Supp. 426, 428 (D.D.C. 1996) (dismissing Ninth Amendment claim because it "does not set forth any particular guarantees, but is merely a rule of construction"). In other words, Christian cannot "independently assert a cause of action under the Ninth Amendment." *Slaby v. Fairbridge*, 3 F. Supp. 2d 22, 30 (D.D.C. 1998); *Robinson v. Pilgram*, No. 20-cv-2965, 2021 WL 5987016, at *8 (D.D.C. Dec. 17, 2021) (same), *aff'd*, No. 22-5001, 2022 WL 3009621 (D.C. Cir. Jul. 28, 2022) (per curiam); *see Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-cv-02298, 2023 WL 8600569, at *2 (D.D.C. Dec. 12, 2023) (holding that there is no private cause of action "to enforce the Ninth Amendment") (citing *Bond v. United States*, 564 U.S. 211, 218 (2011)).   Accordingly, the Ninth Amendment does not afford a cognizable predicate constitutional violation in this action.

### 3.      *Fourteenth and Fifth Amendments*

Third, Christian alleges that the District violated the Fourteenth Amendment.  *See* Compl. at 4.  The Fourteenth Amendment provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 365 (2001) (quoting U.S. Const. amend. XIV § 1).

As discussed by the District, *see* MTD Mem. at 6 n.3, neither the District nor its officials may be held liable under the Fourteenth Amendment because the District of Columbia is not a State.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Propert v. Dist. of Columbia*, 948 F.2d 1327, 1330 n.5 (D.C. Cir. 1991); *Robinson v. Dist. of Columbia*, 200 F. Supp. 3d 104, 107 (D.D.C. 2016), *aff'd*, 686 Fed. Appx. 1 (D.C. Cir. 2017) (per curiam).  Because the protections of the

9

*Fifth Amendment* instead extend to the District of Columbia, the Court will construe Christian's Fourteenth Amendment claims thereunder. *See Bolling*, 347 U.S. at 498–99.

While Christian is not obligated to prove a prima facie case at this stage, he must at least set forth enough information to provide notice of the nature and grounds of his intended claims. The Complaint does not identify which of his Fifth Amendment rights were allegedly violated, and as discussed, his bare assertions are "not entitled to be assumed true," *Iqbal*, 556 U.S. at 682. Given this lack of clarity, the Court finds that the Complaint fails outright "to articulate adequately the deprivation of a protected right" under the Fifth Amendment. *See Melton v. Dist. of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015), *aff'd*, 2015 WL 9012019 (D.C. Cir. Oct. 30, 2015) (per curiam).

Christian later references his right to equal protection in his briefing, *see* Opp'n at 1, and potentially, his right to due process, *see id.* at 4.  Even quite generously supposing that Christian hinted at equal protection or due process violations in his Complaint, he has still failed to state a predicate constitutional violation for either type of infringement.

If Christian is raising a due process claim, it is unclear if the alleged violation was procedural or substantive.  Procedural due process requires 'the opportunity to be heard at a meaningful time and in a meaningful manner' when an individual is deprived of liberty or property interests." *Robinson v. WMATA*, 167 F. Supp. 3d 118, 130 (D.D.C. 2016) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)); *see Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015) ("A procedural due process violation occurs when an official deprives an individual of a liberty or property interest without providing appropriate procedural protections.") (quoting *Atherton*, 567 F.3d at 689).

Courts have held that access to a public library is a protected right. *See Armstrong*, 154 F. Supp. 2d at 75 (collecting cases); *Miller v. NW Region Libr. Bd.*, 348 F. Supp. 2d 563, 570 (M.D.N.C. 2004) (same) (citing *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242, 1242 (3rd Cir. 1992); *Neinast v. Bd. of Trustees of the Columbus Metro. Libra*ry, 346 F.3d 585, 591 (6th Cir. 2003); *Armstrong*, 154 F. Supp. 2d at 75); *see also Wayfield v. Town of Tisbury*, 925 F. Supp. 880, 885 (D. Mass. 1996) (holding that suspension of "library privileges is an occurrence important enough to warrant due process protection"); *Nappi v. Timberline Reg. Libr.*, No. C14–5945, 2015 WL 3936308, at *3 (W.D. Wash. June 26, 2015) ("Arguably, the suspension of library privileges involves a cognizable liberty interest"); *Doyle v. Clark County Pub. Library*, No. C-3-07-0003, 2007 WL 2407051, at *5 (S.D. Ohio Aug. 20, 2007) (same); *Grant-Davis v. Bd. of Trustees of Charleston County Pub. Libr.*, No. 15-cv-2676, 2017 WL 9360875, at * 24 (D.S.C. May 24, 2017) (recognizing liberty interest but noting "that it is not absolute–it can be lost for engaging in conduct inconsistent with the purpose of public libraries") (quoting *Doyl*e, 2007 WL 2407051, at *5; *Hunt v. Wise*, No. 8:07-cv-1168, 2009 WL 2163108, at * 6 (M.D. Fla. July 17, 2009) (recognizing restrictions for use of a public library when an individual "acted in a threatening manner")), *R&R adopted*, 2017 WL 3634070 (D.S.C. Aug. 24, 2017), *aff'd*, 710 Fed. Appx. 134 (4th Cir. 2018) (per curiam).

However, Christian has not identified any process that he was allegedly due, or how the District denied him any such process. "This alone is fatal to his claim." *See Slovinec v. Georgetown Univ.*, 268 F. Supp. 3d 55, 60 (D.D.C. 2017), *aff'd*, No. 17–7122, 2018 WL 1052650 (D.C. Cir. Jan. 26, 2018) (per curiam). Moreover, it appears that the District complied with its obligation to provide procedural due process. Due process is flexible and calls for such procedural protections as the given situation demands. *Mathews*, 424 U.S. at 334. Here, DCPL's barring

11

notice provides clear instructions for appealing the decision—by submitting a written request for administrative review to the mailing address or email address provided. *See* Barring Ord. at 1; see also 19 DCMR § 810.4 (memorializing same). Because Christian was afforded the "essential requirement" of due process, i.e., "notice and an opportunity to respond[,]" he has failed to state a procedural due process claim. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *see also Slovinec*, 268 F. Supp. 3d at 60–61 (dismissing due process claim and finding that report barring the plaintiff from Georgetown University's campus for "inappropriate" and "disruptive" behavior provided adequate notice of how to contest the decision); *Bigelow v. Lindsay*, No. 84–3302, 1986 WL 15274, at *5 (D.D.C. Jul. 30, 1986) (dismissing due process claim where the plaintiff "did not seek review of the Housing Board's decision . . . and ha[d] not advanced any allegations . . . to show that the Housing Board's decision was in bad faith or pretextual") (citing *Crosby-Bey v. District of Columbia*, 786 F.2d 1182, 1184 (D.C. Cir. 1986) (per curiam)).

Christian fares no better if his Fifth Amendment claim is construed as alleging a substantive due process violation. "[S]ubstantive due process forbids only 'egregious government misconduct,' involving state officials guilty of 'grave unfairness' so severe that it constitutes either 'a substantial infringement of state law prompted by personal or group animus,' or 'a deliberate flouting of the law that trammels significant personal or property rights[.]'" *Zevallos v. Obama*, 793 F.3d 106, 118 (D.C. Cir. 2015) (quoting *George Wash. Univ. v. District of Columbia*, 318 F.3d 203, 209 (D.C. Cir. 2003); *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988)). Municipal officials must have engaged in alleged behavior "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Estate of Phillips v. District of Columbia*, 455 F.3d 397, 403 (D.C. Cir. 2006) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)); *see Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992). The D.C. Circuit has further

12

explained that "the concept of substantive due process, itself oxymoronic, [applies] to actions that in their totality are genuinely drastic . . . [U]nless the victim of government imposition has pushed its local remedies to the hilt, it ordinarily will not be able to show the necessary substantiality." *Tri County Indus., Inc. v. District of Columbia*, 104 F.3d 455, 459 (D.C. Cir. 1997) (internal citation omitted).  Here, the actions alleged in the Complaint simply do not qualify as egregious conduct that "shocks the conscience." *See Phillips*, 455 F.3d at 403; *see Psychas v. Dist. Dep't of Transp.*, No. 18-0081, 2019 WL 4644503 at *17–*18 (D.D.C. Sept. 24, 2019) (collecting cases where substantive due process claims have been dismissed for objectively far more serious conduct); *see also Upton v. County of San Bernardino*, No. 23-1691, 2024 WL 5465058, at *3–4 (C.D. Cal. Dec. 23, 2024) (dismissing substantive due process claim because the defendants' actions in temporarily banning the plaintiff from the public library failed to shock the conscience), *R&R adopted*, 2025 WL 1918881 (C.D. Cal. Jul. 11, 2025); *Doyle*, 2007 WL 2407051, at *4 ("The Supreme Court has never identified a substantive due process right of access to a public library."). Accordingly, the court finds that Christian has failed to set forth a predicate violation of his right to substantive due process.  *See Melton*, 85 F. Supp. 3d at 193 ("Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . do[es] not form a basis for a due process violation.").

Insofar as Christian has alleged an equal protection violation, he has also failed to state a claim.  The District is required to 'treat similarly situated persons alike . . . by virtue of the Fifth Amendment's guarantee of due process of law.'" *Robinson*, 200 F. Supp. 3d at 107 n.3 (quoting *Women Prisoners of D.C. Dep't of Corr. v. Dist. of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996)); *see Bolling*, 347 U.S. at 498–500 (same).  Christian must allege facts showing that he "was subject to differential treatment because of membership in a protected class," or that "he was arbitrarily and intentionally treated differently from others who are similarly situated—and the government

13

has no rational basis for the disparity." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 158 (D.D.C. 2014) (emphasis in original) (internal citations omitted) (citing *Kelley*, 893 F. Supp. at 122; *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564–565 (2000) (per curiam)).

Again, the Complaint does not plausibly state an equal protection claim. As discussed above, Christian's references in briefing to "being a heterosexual," *see* Opp'n at 1; SR at 2, do not include even the most nominal facts or context from which discrimination, based on his sexual orientation or otherwise, may be discerned, apart from this singular generalization. *See Atherton*, 567 F.3d at 687–88. (finding the *pro se* plaintiff's equal protection claim based on "spare facts and allegations" inadequately pleaded); *Colbert v. Metro. Police Dep't, Dist. 5*, 404 Fed. App'x 509, 509 (D.C. Cir. 2010) (per curiam) ("The district court properly dismissed appellant's complaint for failure to state a claim upon which relief could be granted because the complaint failed to allege sufficient facts to support a claim of discrimination."); *Hodge v. U.S. Postal Serv.*, 161 Fed. App'x 19, 19–20 (D.C. Cir. 2005) (per curiam) (affirming dismissal of equal protection claim where the complaint failed to "allege facts indicating . . . that the alleged actions were undertaken on a discriminatory basis or were motivated by discriminatory intent or purpose").

Finally, Christian fails to adequately plead a claim under the Fifth Amendment's Double Jeopardy Clause. The Double Jeopardy Clause protects against multiple punishments for the same criminal offense. *United States v. Little*, 123 F.4th 1360, 1365 (D.C. Cir. 2024) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)); *see* U.S. Const. amend. V. Although Christian references a "1996 felony," *see* Compl. at 4, he pleads no details regarding this crime, or his prosecution or conviction arising therefrom, or its connection, if any, to DCPL's barring order. Nor is a second criminal prosecution alleged; indeed, as noted by the District, Christian's "ban from DC public libraries is not an action to which the Double Jeopardy Clause applies, nor does

14

he explain otherwise." MTD Mem. at 11.  In his briefing, Christian appears to concede this point. *See* Opp'n at 3 ("The Double Jeopardy Clause does not apply[.]").

For all of these reasons, Christian has failed to state a predicate double jeopardy violation under the Fifth Amendment.  *See Taylor v. Dist. of Columbia*, 606 F. Supp. 2d 93, 96 (D.D.C. 2009) (dismissing double jeopardy claim because the plaintiff's "contention in this complaint appears to be based on confusion between a criminal sentence or punishment, and other adverse actions by a governmental authority that do not amount to criminal punishment.").

\*    \*    \*

All told, the court finds that Christian has failed to sufficiently allege a single predicate violation of a protected right, and his *Monell* claims against the District fail at the first prong.  But even if Christian had sufficiently set forth a predicate constitutional violation, he has failed to sufficiently allege causation by the District, falling short of the second *Monell* prong, as explained below.

### B.    *Second Prong, Causation by the Municipality*

To satisfy the second prong of a *Monell* claim, a plaintiff must allege that the municipality (1) "explicitly adopted the policy that was the moving force of the constitutional violation"; (2) "knowingly ignore[d] a practice that was consistent enough to constitute custom"; or (3) failed to "respond[ ] to a need . . . in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Warren*, 353 F.3d at 39 (citations and internal quotation marks omitted).  A plaintiff may also succeed by alleging that an authorized municipal policymaker made a one-time decision that resulted in the alleged constitutional deprivation.  *See Singletary v. Dist. of Columbia*, 766 F.3d 66, 73 (D.C. Cir. 2014).  Put differently, "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow

15

a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *see Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985) (requiring a plaintiff to show a course deliberately pursued by the city establishing an affirmative link between the city's policy and the alleged constitutional violation).

Conspicuously absent from the Complaint are *any* factual allegations, let alone *plausible* ones, to support a municipal liability claim under any of these four approaches. Christian does not describe, specify, or even hint at any District policy or practice that caused the alleged predicate constitutional violations, which, standing alone, necessitates dismissal of his § 1983 claims. *See Collington v. Dist. of Columbia*, 828 F. Supp. 2d 210, 215 (D.D.C. 2011) (dismissing *Monell* claims and explaining that if "the complaint sets forth no factual allegations regarding the existence and enforcement of a municipal policy, custom or practice that directly caused" the underlying constitutional violation," that "pleading defect is fatal," "[r]egardless of the circumstances" of the underlying constitutional violation); *see also Frost v. Catholic Univ. of America*, 960 F. Supp. 2d 226, 233 (D.D.C. 2013) (dismissing *Monell* claim where the plaintiff was banned from the law library but failed to allege "a specific policy that infringed on the plaintiff's rights or that administrators . . . ordered or caused the depravation of Frost's rights."), *aff'd*, 555 Fed. Appx. 6 (D.C. Cir. 2014) (per curiam); *Prince v. Dist. of Columbia*, No. 22-746, 2022 WL 17415058, at *3 (D.D.C. Dec. 5, 2022) (dismissing *Monell* claims against the District where the plaintiff was ejected from a public library without notice or explanation because the complaint only set forth sparse allegations of a policy or custom), *aff'd*, No. 22-7165, 2023 WL 6938135, (D.C. Cir. Oct. 19, 2023) (per curiam).

The court notes that Christian, with increasing paranoia in each successive submission, alleges that DCPL staff bear a "malicious motive" because they have "something to hide," *see* Opp'n at 1, 3, namely, their conspiracy to engage in "video voyeurism," and erase "surveillance footage," to conceal the "rape and sexual assault in Public Libraries," either by them, or by others under their watch, *see id.*; Compl. at 5; SR at 1–2.  To the extent that Christian alleges that his ban was "a direct reflection of the Staff's cooperation[,]" SR at 1, in executing this purported nefarious scheme, the court finds any such contention meritless and nothing more than a "bizarre conspiracy theory" concerning "fantastic government manipulations[,]" *see Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994); *see also Martin*, 830 F.2d at 258 ("[U]nsupported factual allegations which fail to specify in detail the factual basis necessary to enable [defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive [plaintiffs] of their constitutional rights.") (citations omitted); *Christmann v. Dist. of Columbia*, No. 22-2189, 2024 WL 216726, at *4–5 (D.D.C. Jan. 20, 2024) (dismissing § 1983 claims against the District and its officials where the plaintiff's submissions contained "sweeping allegations" about the defendants' alleged "deceitful" actions to conceal abuse of process that "spiral[ed] into wholly unsupported allegations and conclusions about the catastrophic consequences of defendants' conduct.").  Put differently, these frivolous allegations do not support a municipal custom or policy, assuming that was Christian's intention.

Accordingly, the Court finds that Christian has not only failed to sufficiently state a predicate constitutional violation, but he fallen equally short in clearing the second hurdle to plausibly allege causation by the District.

17

## CONCLUSION

For all of the stated reasons the Court grants the District's Motion to Dismiss, ECF No. 9. The court dismisses the complaint and this action.  A final, appealable order accompanies this Memorandum Opinion.


DATE: March 9, 2026


_____/s/_____
AMIT P. MEHTA
United States District Judge